IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

PENDELL,
    Plaintiff,

v.

COMBS-SKINNER,
    Defendant.

Case No. 1:25-cv-01379-JEH

## Order

Now before the Court is the Plaintiff's Motion for Leave to proceed in forma pauperis (D. 4) and Motion to Request Counsel (D. 3).[1] For the reasons set forth *infra*, the Motion for Leave to proceed in forma pauperis is denied (D. 4) and the Motion to Request Counsel (D. 3) is moot. This case is dismissed without prejudice and the clerk is directed to enter judgment and close the case.

### I

On September 10, 2025, the Plaintiff filed a Notice of Interlocutory Appeal from Bankruptcy Court.[2] (D. 1). On October 2, 2025, the Plaintiff filed a Motion to Request Counsel and Motion for Leave to Proceed in forma pauperis. (D. 3 & 4). The matter is now fully briefed.

### II

This Court has an "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When "a federal court concludes

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] The Plaintiff filed her appeal as interlocutory, but the case was closed on August 5, 2025, after the bankruptcy court dismissed the case for cause; therefore, the appeal is from a final, not interlocutory, order.

1

that it lacks subject-matter jurisdiction, the court must dismiss" the action in its entirety. *Id.* Because the Court concludes that it lacks jurisdiction to hear the instant appeal, the Court dismisses the Plaintiff's appeal without prejudice.

"Congress confers jurisdiction on district courts to hear appeals from final orders of a bankruptcy court 'taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy rules.'" *In re Sobczak-Slomczweski*, 826 F.3d 429, 431 (7th Cir. 2016) (quoting 28 U.S.C. § 158(a)(1), (c)(2)). "Federal Rule of Bankruptcy Procedure 8002(a) provides that the notice of appeal must be filed within 14 days of the date of entry of the judgment or order being appealed." *Id.* The Seventh Circuit has held that "that the 14-day time limit to file notice of appeal of the bankruptcy court's judgment or order is jurisdictional." *Id.* at 432. "Accordingly, the failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal." *Id.* In this case, the Plaintiff's appeal states that she is appealing the bankruptcy court's dismissal order from August 5, 2025. (D. 1 at ECF p. 1). And on August 12, 2025, the bankruptcy court denied the Plaintiff's Motion to Vacate the Dismissal Order. (D. 2 at ECF p. 1). Therefore, the deadline for the Plaintiff to file an appeal was—at the latest—August 26, 2025, fourteen days after the denial of the Motion to Vacate. However, the Plaintiff did not seek leave to file an appeal until September 8, 2025, and the appeal was not received in this Court until September 10, 2025.[3] Under either scenario, the Plaintiff's appeal was filed too late. Consequently, this Court finds that it lacks jurisdiction over the Plaintiff's appeal and dismisses the case without prejudice. *See In re Sobczak-Slomczweski*, 826 F.3d 429, 431 (affirming district court's dismissal of untimely appeal from lack of jurisdiction).

---

[3] Because the Plaintiff appeals from a final order as opposed to an interlocutory one, Plaintiff did not need to seek leave to file the appeal. *Compare* 28 U.S.C. § 158(a)(1), *with* 28 U.S.C. § 158(a)(3).

## III

For the reasons set forth *supra*, the Motion for Leave to proceed in forma pauperis is denied (D. 4) and the Motion to Request Counsel (D. 3) is moot. This case is dismissed without prejudice and the clerk is directed to enter judgment and close the case.

*It is so ordered.*

Entered on October 20, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE